UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>Plaintiff,<br><br>v.<br><br>GREAT NORTHERN INSURANCE COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 13-cv-12821 |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                                                                               August 25, 2014

**I.    Introduction**

Plaintiff Insurance Company of the State of Pennsylvania ("ISOP") has filed this lawsuit against Defendant Great Northern Insurance Company ("Great Northern") seeking a declaration as to the applicability of the doctrine of equitable contribution to insurers with concurrent insurance policies issued to the same insured. D. 1 ¶¶ 1-2. Both parties have now moved for summary judgment. D. 22, 28. For the reasons stated below, the Court DENIES ISOP's motion and ALLOWS Great Northern's motion.

**II.    Standard of Review**

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." Santiago–Ramos v. Centennial P.R. Wireless

1

Corp., 217 F.3d 46, 52 (1st Cir. 2000). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial. Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009). "When deciding cross-motions for summary judgment, the court must consider each motion separately, drawing inferences against each movant in turn." Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

### III. Factual Background and Procedural History

The material facts are not disputed here. On January 26, 2010, an employee of the insured, Progression, Inc. ("Progression"), was injured in a car accident in the Sultanate of Oman. Pl. Rule 56.1 Statement, D. 23 ¶¶ 3, 5-6. The employee pursued a workers' compensation claim before the Massachusetts Department of Industrial Accidents (the "DIA"). Id. ¶ 7. ISOP paid and continues to pay worker's compensation benefits to the employee pursuant to a worker's compensation and employer's liability policy it issued to Progression. Id. ¶¶ 4, 8, 10. Great Northern had issued a concurrent worker's compensation insurance policy to Progression. Id. ¶ 11. The Great Northern policy also covered the employee's claim, but

Progression, the insured, never tendered the employee's claim to Great Northern. Id. ¶¶ 12, 18; D. 28-1 ¶ 4; D. 31 ¶ 4.[1]

At some point, ISOP became aware of the insured's Great Northern insurance policy. D. 23 ¶ 20. On October 3, 2011, ISOP sent a letter to Great Northern tendering the employee's claim and seeking defense and indemnity of Progression. Id.; D. 24-1 at 24-25. ISOP indicated in its tender request that the claim was pending before the DIA. D. 24-1 at 24. In a reply dated March 15, 2012, Great Northern denied coverage of the claim. D. 23 ¶ 21; D. 24-1 at 46-47. Great Northern stated that it "fully expect[ed] [ISOP] to continue handling the claim pursuant to its obligations under" its policy issued to Progression. D. 24-1 at 46. Great Northern further stated that it was advised by its insured that "Progression in fact intended the tender of the [] claim to [ISOP] at the time that it was originally made." Id. at 47. In addition, "Progression advised they did not authorize [ISOP] to report the [] claim, nor make tender of it, to Great Northern." Id. Finally, Great Northern wrote that it saw no practical reason for it to assume the handling of the claim given that ISOP had actively adjusted the loss. Id.

ISOP instituted this action on November 7, 2013, seeking a determination of the applicability of the doctrine of equitable contribution under Massachusetts law. D. 1. ISOP has now moved for summary judgment, D. 22, and Great Northern has cross-moved for summary judgment.[2] D. 28. The Court heard the parties on the pending motions on July 8, 2014 and took these matters under advisement. D. 35.

---

[1]Great Northern's Statement of Undisputed Facts, D. 28-1, contains two paragraphs numbered "4." ISOP's response, D. 31, mirrors the duplicate numbering. The Court's citation to paragraph 4 in each of these documents refers to the second of the paragraphs so numbered.

[2]Great Northern previously moved to dismiss. D. 18. Before the Court considered Great Northern's motion, ISOP filed its motion for summary judgment. Great Northern's motion, D. 18, is denied as moot in light of this Order resolving the motions for summary judgment .

**IV.    Discussion**

   **A.    The Doctrine of Equitable Contribution**

The doctrine of equitable contribution is the right to recover from a co-obligor who shares liability with the party seeking contribution. United States Fire Ins. Co. v. Peerless Ins. Co., No. 00-5595, 2001 WL 1688368 at *5 (Mass. Super. Dec. 20, 2001). In the insurance context, equitable contribution allows an insurer to seek reimbursement from a co-insurer after the insurer paid more than its proportionate share of a loss on a claim which both insurers are obligated to indemnify or defend. "The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by co-insurers . . . ." Id. (quoting Truck Ins. Exch. v. Unigard Ins. Co., 79 Cal. App. 4th 966, 974 (2000)). The doctrine is premised on principles of equity and, therefore, is not controlled by the language of the co-insurer's contract with the insured but "impl[ies] a contract between the parties to contribute ratably toward the discharge of a common obligation." Id. (quoting Ohio Cas. Ins. Co. v. State Farm Fire and Cas. Co., 546 S.E.2d 421, 423 (Va. 2001).

While Massachusetts appellate courts have recognized the right of an insurer to seek equitable contribution from a co-insurer, see Traveler's Ins. Co. v. Aetna Ins. Co., 359 Mass. 743, 743 (1971) (rescript holding insurer entitled to contribution from co-insurer); Rubenstein v. Royal Ins. Co. of Am., 44 Mass. App. Ct. 842, 852 (1998) (noting that "there is no bar against an insurer obtaining a share of indemnification or defense costs from other insurers under the doctrine of equitable contribution"); see also Boston Gas Co. v. Century Indem. Co., No. 02-12062-RWZ, 2006 WL 1738312 at *2 (D. Mass. June 21, 2006) (noting the insurer could seek equitable contribution from other insurers and citing Rubenstein), no Massachusetts appellate court has defined the precise contours of the doctrine. See Lexington Ins. Co. v. Gen. Acc. Ins.

Co. of Am., 338 F.3d 42, 50 n.4 (1st Cir. 2003) (observing that Massachusetts has not definitively adopted equitable contribution in the insurance context and citing Rubenstein). In Lexington, the First Circuit declined to predict whether Massachusetts would adopt equitable contribution in the insurance context but cautioning that "there is no support in the case law of any jurisdiction for the proposition that, in the absence of exceptional circumstances, the doctrine of equitable contribution can override explicit, unambiguous policy language." Id. at 50.

Great Northern does not dispute that the doctrine of equitable contribution has been recognized by Massachusetts courts. D. 28-4 at 4 (citing Peerless, 2001 WL 1688368 at *5). Instead, Great Northern argues that the doctrine is inapplicable here. Great Northern contends that it cannot be held to contribute to the claim adjusted by ISOP since its insured, Progression, never provided notice of the claim to Great Northern or attempted to cooperate in its defense. Id. at 5-6. It contends that because Progression never tendered the claim or its defense to Great Northern, its coverage was never triggered and, by extension, it cannot be held liable for contribution to ISOP. Id. at 8.

ISOP responds that Great Northern did receive notice of the claim. D. 32 at 2. ISOP provided notice to Great Northern in the form of the tender letter dated October 3, 2011. Id. According to ISOP, equitable contribution should not turn upon whether the notice to Great Northern came from ISOP or Progression. Id. at 2-3. Moreover, it contends that the notice to Great Northern was timely and did not serve to prejudice Great Northern's interests. Id. at 4-6.

### B. Tender of the Claim and Equitable Contribution

In situations where the insured has tendered a claim to one insurer but not to the co-insurer, there is a division of authority as to whether notice by the insurer to the co-insurer is sufficient to allow for contribution. California courts, for example, have concluded that notice

5

from another insurer, and not the insured, is sufficient so long as it is timely. In Truck, 79 Cal. App. 4th at 970-71, condominium homeowners associations sued the contractor who built the units for construction defects. The contractor filed cross-complaints against its subcontractor, Applied Systems. Id. at 971. Applied Systems tendered defense of the cross-complaints to Truck Insurance Exchange ("Truck"), but not to Unigard Insurance Co. ("Unigard"), a co-insurer. After the actions settled, Truck sought equitable contribution from Unigard. Id. at 972. Unigard argued that it was not liable to Truck because Applied Systems, its insured, had not tendered a claim for coverage to it and Unigard was not otherwise put on notice of a potential claim for contribution. Id. at 973.

Although the failure to give prompt notice to Unigard prevented Truck from obtaining contribution on the underlying defense and settlement costs, the framing of the issue, "*when* does an insurer that is providing a defense have to raise the issue of contribution with potential coinsurers that are not participating in the litigation due to a lack of tender," id. at 978-79, stresses that the lack of timely notice and not the absence of tender by the insured governed the result. Accordingly, the court there concluded that Truck should have notified Unigard of the potential for contribution promptly after Truck agreed to provide a defense on behalf of Applied Systems. Id. at 981-82. If it had done so, then Unigard could have investigated the matter and decided whether to join in the defense with Truck. Id. at 980; see also Travelers Indem. Co. v. Navigators Ins. Co., No. 99-4509 CRB, 2000 WL 630859 at *8-10 (N.D. Cal. May 8, 2000) (relying on Truck and holding that an insurer could obtain contribution from another insurer where it tendered defense of claim in a timely manner and noting that all that was required was timely notice of possibility of contribution); Continental Cas. Co. v. Employers Ins. Co. of Wausau, 85 A.D.3d 403, 407 (N.Y. App. Div. 2011) (holding that insurer could not obtain

reimbursement from co-insurer because insurer did not give notice to co-insurer within a reasonable time under all the circumstances); Pa. Gen. Ins. Co. v. Park-Ohio Indus., 930 N.E.2d 800, 804, 808 (Ohio 2010) (holding that lack of notification to an insurer will bar another insurer's claim for contribution only if failure to notify resulted in prejudice).

The rule that timely notice by an insurer is sufficient to obtain equitable contribution relies on principles of equity and unjust enrichment. Under these principles, equitable contribution arguably should not depend on tender of defense by the insured because the right to equitable contribution is not the insured's to disclaim. That is, "the selection of which indemnitor is to bear the loss should not be left to the often arbitrary choice of the loss claimant, and no indemnitor should have any incentive to avoid paying a just claim in the hope that the claimant will obtain full payment from another coindemnitor." Fireman's Fund Ins. Co. v. Md. Cas. Co., 65 Cal. App. 4th 1279, 1295 (1998).

By contrast, other courts have applied the "selective tender" rule to hold that selective tender of a claim by the insured to one insurer but not to a co-insurer can defeat a claim for equitable contribution. For example, in Inst. of London Underwriters v. The Hartford Fire Ins. Co., 599 N.E.2d 1311, 1312 (Ill. App. 1992), Great Lakes, the insured, tendered defense of an action to insurer Institute of London Underwriters ("Institute"). Id. at 1312. Great Lakes also notified co-insurer The Hartford Fire Insurance Co. ("Hartford") of the action, but it did not request that Hartford defend or indemnify it. Id. The question before the court was whether the settling insurer (Institute) was foreclosed from obtaining contribution from the non-settling insurer (Hartford) because the insured tendered defense of the action to the former and not the latter. Id. at 1313.

In concluding that the settling insurer was foreclosed from seeking contribution from the co-insurer, the court explained that Institute's request for contribution from Hartford more than a year after commencement of the litigation at issue was not sufficient to trigger Hartford's obligation to contribute. Id. at 1315. The insured never asked Hartford to indemnify or defend. Id. at 1314. Indeed, when Great Lakes notified Hartford of the claim, Great Lakes unequivocally stated that Hartford should not respond to the loss. Id. at 1313. The only request for Hartford's participation came from another insurance company and not the insured. Id. at 1315. The insured's refusal or failure to tender the defense of the action to co-insurer Hartford excused not only Hartford's duty to perform under its policy, but also its obligation to contribute to the settlement procured by Institute. Id. "[T]he insured's actions after a loss may foreclose his right to coverage under a policy, and, thus, defeat a claim for equitable contribution by another insurance carrier."[3] Id. at 1316.

The Institute court reasoned that if equitable contribution applies where the insured never tendered a claim and has directed one insurer not to participate, then "the insurance policy becomes . . . a third-party beneficiary contract entered into by the insured for the direct benefit of other carriers." Id. at 1316. The insured specifically requested that Hartford not contribute to the settlement, choosing coverage by Institute instead. Hartford was not required to reimburse Institute against the wishes of its own insured. Id. at 1317. Requiring contribution would be inequitable because such a rule would "require an insurer to reimburse another carrier for a claim

---

[3] Institute's progeny have narrowed its holding to those instances where the insured has specifically selected one insurer to provide an exclusive defense and there is no prejudice to the insurer. Employers Ins. of Wasau v. James McHugh Constr. Co., 144 F.3d 1097, 1103 (7th Cir. 1998). In McHugh, the Seventh Circuit applied Illinois law to hold that Employers Insurance of Wasau ("Wasau") was foreclosed from obtaining contribution from its co-insurers where the insureds specifically chose Wasau, and not the co-insurers, to provide their defense, and Wasau would not be prejudiced by having to provide the sole defense for the insureds. Id. at 1103-1104.

8

it has no obligation to pay to its insured and in circumvention of the insurer's wishes with whom it has the contract." Id. at 1317; see also Hartford Acc. & Indem. Co. v. Gulf Ins. Co., 776 F.2d 1380, 1383 (7th Cir. 1985) (tender of defense and not mere knowledge of a suit required to trigger liability to defend insured); Casualty Indem. Exch. Ins. Co. v. Liberty Nat'l Fire Ins. Co., 902 F. Supp. 1235, 1239 (D. Mont. 1995) (holding "where the insured has failed to tender the defense of an action to its insurer, the latter is excused from its duty to perform under its policy or to contribute to a settlement procured by a coinsurer"); Mutual of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wash. 2d 411, 423 (2008) (holding "selective tender" rule barred claim by settling insurers against co-insurer where insured did not tender claim to co-insurer).

The selective tender rule appears to comport more closely with the admonition that the doctrine of equitable contribution cannot "override explicit, unambiguous policy language." Lexington, 338 F.3d at 50; see Hartford Fire, 678 F. Supp 2d at 13 (quoting Lexington). The explicit policy language in this case required Progression to notify Great Northern for coverage to attach. The Peerless court, citing Truck, 79 Cal. App. Ct. 4th at 974, noted that "absent compelling equitable reasons, courts should not impose an obligation on an insurer that contravenes a provision in its insurance policy." Peerless, 2001 WL 1688368 at *5. The court further stated that "the policies in question must afford coverage for the same insureds and the same risk." Id., quoting Ohio Cas. Ins. Co. v. State Farm Fire and Cas. Co., 262 Va. 238, 242 (2001). Similarly, in Catholic Relief Ins. Co. of Am. v. Liquor Liab. Joint Underwriting Ass'n of Mass., 8 Mass. L. Rptr 80, 1997 WL 781448 at *21-22 (Mass. Super. 1997), the court declined to allow equitable contribution where the insured had violated the terms of its policy with the insurer from which contribution was sought.

It is undisputed that Progression did not tender the claim to Great Northern as required by Great Northern's policy. The failure to tender the claim foreclosed coverage, just as the insured in Catholic Relief violated its policy by making a voluntary, non-emergency payment without the insurer's consent. When Great Northern received tender of the claim from ISOP, it consulted with Progression, its insured. Progression confirmed that it intended to tender the claim to ISOP and not to Great Northern. Moreover, Progression did not authorize ISOP to tender the claim on Progression's behalf. Without tender of the claim by or on behalf of its insured, Great Northern's coverage obligations, along with its equitable contribution obligations, were never triggered.

Accordingly, the Court concludes, in the absence of binding precedent on this point, that Great Northern's position that any obligation of a co-insurer for equitable contribution to the other insurer does not arise until a claim for defense or indemnity is tendered by the insured or one authorized to act on behalf of the insured. "[T]he insurer who seeks contribution does not sit in the place of the insured and cannot tender a claim to the other insurer. Thus, if the insured has not tendered a claim to an insurer prior to settlement or the end of trial, other insurers cannot recover in equitable contribution against that insurer." Enumclaw, 164 Wash. 2d at 421. This rule preserves the insured's right to decide whether to invoke the terms of its insurance. Id. The insured may choose not to tender a claim for a number of reasons, including a desire to avoid a premium increase or to maintain its policy limits for other claims. Id. at 422.

The "late tender" rule does not, as ISOP suggests, aid its argument regarding its notice of a claim for equitable contribution from Great Northern here. D. 32 at 3. The "late tender" rule requires an insurer to perform even where an insured fails to provide timely notice of a claim unless the insurer can show material prejudice due to late notice. See Pilgrim Ins. Co. v. Molard,

73 Mass. App. Ct. 326, 336 (2008); see also Goodman v. Am. Cas. Co., 419 Mass. 138, 141-42 (1994); Darcy v. Hartford Ins. Co., 407 Mass. 481, 486-87 (1990). The "late tender" rule seeks to protect both the insured and the public. If an insurer were relieved of its obligations despite not being prejudiced by the insured's delay in notifying the insurer of a claim, then the insurer would enjoy a windfall at the expense of the insured who is denied coverage and the public for this uninsured loss. Enumclaw, 164 Wash. 2d at 422. No such concern exists with equitable contribution because the insured has been made whole by the other insurer to which it has tendered its claim. "Each insurer undertook the contractual responsibility to cover the entire loss, and each received consideration for doing so. An insurer that expressly agreed to cover an entire loss is not harmed by being obliged to do so." Id. at 423. Moreover, an insurer has no right to tender a claim, that right being reserved for the insured, and thus the "late tender" rule is inapplicable to claims for contribution. Id.

**V.      Conclusion**

For the foregoing reasons, the Court DENIES ISOP's motion for summary judgment, D. 22, and ALLOWS Great Northern's cross-motion for summary judgment, D. 28.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge